JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 19-844 JGB (JDEx)** | Date | June 11, 2020 |
|---|---|---|---|
| Title | *Homeland Insurance Company of New York v. Progressive Power Group Inc., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendants' Motion for Sanctions (Dkt. No. 79); (2) DISMISSING the Action; and (3) VACATING the June 15, 2020 Hearing (IN CHAMBERS)

Before the Court is Ross Alan Butcher ("Ross Butcher") and Progressive Power Group, Inc.'s ("PPG") (together "Moving Defendants") motion for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. ("Motion," Dkt. No. 79.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court DENIES the Motion, sua sponte DISMISSES the action as MOOT, and VACATES the June 15, 2020 hearing.

### I. BACKGROUND

**A. Procedural Background**

Homeland Insurance Company of New York ("Homeland" or "Plaintiff") commenced this action on May 6, 2019 against Moving Defendants, Nationwide Mutual Insurance Company ("Nationwide"), State Farm Mutual Automobile Insurance Company, and State Farm General Insurance Company, asserting two causes of action: (1) declaratory relief, no excess obligation; and (2) declaratory relief, exhaustion. ("Complaint," Dkt. No. 1.)

Moving Defendants filed counterclaims and crossclaims that the Court recently dismissed. ("May 12, 2020 Order," Dkt. No. 79.) In that Order, the Court also ordered the

parties to show cause in writing on or before May 19, 2020 why all remaining claims in the action should not be dismissed for lack of any case or controversy. (Id. at 6.)

Moving Defendants filed the Motion on May 7, 2020, (Mot.), along with numerous supporting exhibits, (Dkt. Nos 79-1 to 79-11). The Motion seeks sanctions against Homeland. (Id.) Homeland opposed the motion on May 18, 2020, ("Opposition," Dkt. No. 83), and Moving Defendants replied, ("Reply," Dkt. No. 88), again including numerous exhibits, (Dkt. Nos. 79-1 to 79-9).

The parties have also responded to the Court's May 12, 2020 Order. Moving Defendants responded on May 18, 2020. ("Moving Defendants OSC Response," Dkt. No. 82.) Homeland and Nationwide replied on May 19. ("Homeland OSC Response," Dkt. No. 86; "Nationwide OSC Response," Dkt. No. 87.)

**B. Facts**

Plaintiff alleges as follows. Ross Butcher is a principal of PPG. (Compl. ¶ 9.) In April 2016, Ross Butcher and his son Ryan Butcher were in a car crash when Ross Butcher was driving on PPG marketing business. (Id. ¶¶ 22, 24-25.) The accident left them seriously injured. (Id. ¶ 26.) Ryan Butcher filed a lawsuit in Utah against Ross Butcher and PPG concerning the car crash (the "Utah Case"). (Id. ¶ 28.)

There are several insurance policies at issue. State Farm Defendants issued three insurance policies. (See May 12, 2020 Order.) Nationwide issued PPG an insurance policy, and Homeland issued an excess liability insurance policy to PPG that covers liability after the Nationwide policy is exhausted. (Id.)

Homeland seeks a declaration that it has "no obligation under the Homeland Policy to defend [Moving Defendants] in the [Utah Case] or to indemnify any judgment or settlement reached . . . unless and until all valid and collectible underlying insurance is exhausted." (Compl. at 12.) As the excess carrier, Homeland sought clarification whether there was coverage for damages sought in the Utah Case, which it claims it had no obligation to defend and did not defend. (Opp'n at 4.) The primary carriers provided a defense to Moving Defendants in the Utah Case. (Id.)

After Utah Case was filed, the parties– including Moving Defendants and their defense and coverage counsel – attended a December 2019 mediation. (Id.) Ultimately, Ryan Butcher released Moving Defendants from any liability in the underlying action on March 31, 2020, and all the carriers, including Homeland, funded the resolution of the liability action in mid-April 2020. (Id.)

//
//
//

## II. LEGAL STANDARD

### A. Sanctions

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). "28 U.S.C. § 1927 provides for sanctions against an attorney [or any other person admitted to conduct cases] who 'multiplies the proceedings in any case unreasonably and vexatiously.' Sanctions pursuant to Section 1927 require a finding of subjective bad faith. Pacific Harbor Capital, Inc., v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) (citations omitted). The Ninth Circuit has found that knowing or reckless conduct meets this standard. See New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989) (citations omitted); Gomez v. Michaels Stores, Inc., 2016 WL 7496746, at *4 (C.D. Cal. Oct. 12, 2016). In order to impose sanctions under the Court's inherent power, however, the Court must make "a bad faith finding." Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).

To impose sanctions under Federal Rule of Civil Procedure 11, "[c]ourts must apply an objective test in assessing whether the rule has been violated. A violation of the rule does not require subjective bad faith." Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993) (internal citations omitted). A court need not have a motion before it to impose a sanction under this rule, but "[o]n its own, the court may order [a] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

### B. Case or Controversy

It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies. See U.S. Const. art. III, § 2, cl. 1. To establish Article III standing, a plaintiff must demonstrate that: (1) he suffered an injury in fact that is concrete, particularized, and actual or imminent (not conjectural or hypothetical); (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). A plaintiff's standing is assessed as of the time an action was initiated and is unaffected by subsequent developments. See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008). A Plaintiff must establish standing with respect to each claim and form of relief. Wildearth Guardians v. United States EPA, 759 F.3d 1064, 1070–1072 (9th Cir. 2014).

Mootness is "the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (internal quotation marks omitted). A claim becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Haro v. Sebelius,

747 F.3d 1099, 1110 (9th Cir. 2014) (citation omitted).  Because "[m]ootness is a jurisdictional issue," courts are obliged to raise it sua sponte.  Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005)

### III.  DISCUSSION

#### A.  Sanctions

Moving Defendants contend that Plaintiff filed this case with the purpose to harass, delay, and cause needless expense, and that Plaintiff's arguments are frivolous and lack evidentiary support. (Mot. at 1-2.)  Specifically, "(i) the action was filed by [Plaintiff] alleging unsupported facts; (ii) under California law it is presumptively barred; and (iii) [Plaintiff] refused to stay the action when requested and ha[s] stonewalled and delayed discovery aimed at proving [its] claims have, and had, no basis in fact or in law."  (Id.)  Moving Defendants seek sanctions in the amount of $260,955.89.  (Id.)

The Court DENIES the Motion, because none of the behavior detailed is adequate for the Court to find Homeland acted in subjective or objective bad faith.  As in previous filings, Moving Defendants are not lucid expounders.  They seek sanctions for routine litigation actions that did not obviously result in a multiplication of the proceedings, and their grievances are untethered to the applicable legal standard.

Indeed, Moving Defendants' meritless counterclaims, crossclaims, amendments to the same, and this Motion itself arguably multiplied the proceedings as much if not more than the conduct they decry.  If Plaintiff's action was "presumptively barred," a clean motion to dismiss would have sufficed.  If Plaintiff unreasonably "refused to stay the action," a motion to stay might have been a reasonable response.  Similarly, if Plaintiff refused to adhere to discovery procedures, discovery sanctions stood available as recourse.  Instead, Moving Defendants' intrigues and counter intrigues paved the way to madness and wasted hours.

#### B.  Case or Controversy

Notwithstanding the fact that the Utah Case has been settled and the insurers have paid out their policy limits, as recognized by all, (see May 12, 2020 Order), Homeland insists a live controversy remains before the Court.  Homeland states there are still "pending coverage issues" because it was not simply an excess insurer of PPG's Nationwide policy with respect to this particular accident. (Homeland OSC Response at 6.)  Other accidents may occur. Homeland is also an excess insurer to "various lines of coverage [for PPG], including a general liability and employers' liability policy."  Thus, the 2016 general policy issued by Homeland to PPG "may" be triggered in the future by "potential" claims for damages and it is "reasonably likely" that PPG will tender a claim under the 2016 general policy, and that claim will "impact the excess policy."  (Id. at 7.)  Any such future claims may challenge whether or not Homeland's excess policy has already been exhausted by way of payment to the Butchers.  (Id.)

If Moving Defendants have not been wholly right in their request for a quarter of a million dollars in sanctions, they have at least not been wholly wrong that the action must be dismissed. The case or controversy now concocted by Homeland in its OSC response has little to do with the operative pleading, and is based on speculative future claims that may never occur. Thus, the dispute is neither actual nor imminent. Lujan, 504 U.S. 555, 560–61. The parties' settlement agreement and the conclusion of the Utah Case eviscerated the dispute that prompted Homeland to commence this action, and the request for declaratory relief no longer gives rise to a live case or controversy. Headwaters, Inc. v. Bureau of Land Mgmt., 893 F.2d 1012, 1015 (9th Cir. 1989) ("A case or controversy exists justifying declaratory relief only when the challenged . . . activity . . . has not evaporated or disappeared" (internal quotation marks omitted)). Accordingly, the claims asserted by Homeland are DISMISSED AS MOOT.

## IV. CONCLUSION

The Court DENIES Defendants' motion for sanctions. The Court DISMISSES the action AS MOOT and directs the Clerk of Court to close the case. The hearing scheduled for June 15, 2020 is VACATED.

**IT IS SO ORDERED.**